No. 15,306.

HAWKINS ET AL. *v.* HUNT.
(160 P [2d] 357)

Decided May 7, 1945.   Rehearing denied July 2, 1945.

Mr. MALCOLM LINDSEY, Mr. FRANK L. HAYS, for plaintiffs in error.

Mr. JOHN F. MUELLER, Mr. EDWIN A. WILLIAMS, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

PLAINTIFFS in error Hawkins, Cory and Hutton as the Civil Service Commission of the City and County of Denver, will hereinafter be referred to as the Commission; August Hanebuth as the Manager of Safety and Excise, as Manager; City and County of Denver as the City, and plaintiffs in error collectively as defendants. Defendant in error will be referred to as plaintiff.

This action was begun by plaintiff under rule 106 (a) (2) of the Colorado Rules of Civil Procedure, as he specified, against defendants to compel his reinstatement as a sergeant of police and to recover judgment for $480.00, with interest. Upon trial in the district court, judgment was entered in favor of plaintiff and against defendants for $480.00, to review which the Commission, Manager, and City prosecute this writ of error. Judgment was entered adversely to plaintiff on his reinstatement as sergeant of police, which judgment he seeks to have reversed.

The specification of points urged by both parties is sufficient to bring the entire controversy to our attention, and a statement of facts will plainly disclose their extent and nature.

Rex F. Hunt was, on February 23, 1940, a sergeant of police in Denver, prior to which time the chief of police had preferred charges against him for conduct unbecoming an officer, and neglect of duty. Upon a hearing before the Manager, Hunt was found guilty of both charges and demoted from the rank of sergeant to the rank of first class patrolman and was fined in the sum of $480.00. Hunt thereupon appealed to the Commission, and on June 18, 1940, the Commission approved the action of the Manager.

On April 23, 1941, plaintiff filed his complaint in the district court, praying his reinstatement as a sergeant of police and judgment for $480.00 assessed as a fine and which had theretofore been paid. He alleged that he had no plain, speedy or adequate remedy at law in the premises and prayed a citation directed to defendants, requiring them to show cause why he should not have judgment as prayed.

Upon the filing of the complaint, an order was issued in which was recited that the affidavit in support of the petition was sufficient for a citation and the defendants were ordered "To certify to the Court a transcript of their record and proceedings in the matters described in the complaint and to reinstate the plaintiff, Rex F. Hunt, to the office of Sergeant of Police forthwith, or to show cause * * * why they have failed so to do." Obedient to the citation, a transcript was filed, and therewith an answer.

The allegations of the complaint, and the citation issued, clearly indicate that plaintiff sought relief which could be granted only under rule 106 (a) (4) of the Colorado Rules of Civil Procedure. Under the appropriate rule we are limited to a determination of questions of jurisdiction and abuse of discretion.

The charter of the City is the basic law governing in the determination of controversies concerning the powers, rights, and duties granted the City under article XX, section 3, of the Constitution of the state of Colorado, wherein it will be observed civil service is provided.

The sections of the charter and municipal code urged for our consideration and which the parties hereto contend are determinative of this action are the following:

Section 238: "All persons, at the time of the adoption of this charter, occupying positions affected by the provisions of this article, shall retain their positions until discharged, under the provisions hereof. Discharges from the classified service, or reductions in grade or compensation or both, may be made for any cause, not political or religious, which will promote the efficiency of the service; but only on written specification by the authority making the discharge or reduction; and the person sought to be discharged or reduced shall have notice, a copy of the specifications, and be allowed reasonable time for answering the same in writing. A copy of the specifications, notice, answer and the order of discharge or reduction shall be made a part of the record of the division of the service in which the discharge or reduction is made, and a copy shall be filed with the commission. The commission may examine into the facts, and if the person has been wrongfully discharged, may reinstate him. (Charter, March 29, 1904.)"

Section 319: "On and after January 1, 1924, the police department shall consist of the following officers and members, who shall respectively receive the following annual salaries: Deputy chief, three thousand dollars; captains of police, two thousand seven hundred dollars; street sergeants, desk sergeants, jailers, custodian of stolen goods, police surgeons, two thousand one hundred and sixty dollars; patrolmen of the first grade, operators, one thousand nine hundred and twenty dollars; patrolmen of the second grade, one thousand eight hun-

dred and sixty dollars; patrolmen of the third grade, matron, one thousand eight hundred dollars; patrolmen of the fourth grade, one thousand seven hundred and forty dollars."

\* \* \*

"Any provision of the charter in conflict herewith or any part hereof and particularly any portion of section 153 which creates or provides for any officer or member of the fire or police departments other than named herein, shall be, and the same is hereby repealed." Charter amendment, May 15, 1923.

Section 134: "The relief fund shall be composed of money from the following sources: \* \* \*

"4. All moneys received *from fines imposed on members of the police department* for violation of law or the rules and regulations of the department. \* \* \* [Italics ours] Charter, March 29, 1904."

Section 1570: "The manager of safety and excise shall have the power to fine any such officer, member or employe for any misconduct or breach of disclipline or violation of the rules or regulations of the department and to collect the same or cause it to be withheld from any amount that is or may become due him." Municipal Code, 1927.

By stipulation, Rule XVII of the rules and regulations of the police department which, it is charged, plaintiff violated, read:

Section 25: "A member having knowledge of and failing to report or take proper action in the case of any crime, disorder or other acts or conditions requiring police attention, will be deemed guilty of neglect of duty. For disciplinary purposes neglect of duty shall be defined as: Failure to give due attention to the performance of duty."

Section 41: "Misconduct and Discipline. Any member of the department guilty of wilfully or continually violating any of the rules or regulations of the depart-

ment, or of misconduct, neglect of duty or conduct prejudicial to the good order and police discipline of the department, or conduct unbecoming an officer and a gentleman, which may not be specifically mentioned or set forth in these rules of conduct, upon conviction will be subject to such punishment as the Manager of Safety and Excise may deem necessary for the preservation and maintenance of good order and discipline."

It will be noted that under section 238, supra, the Manager is empowered to take disciplinary action for the promotion of the efficiency of the department. So far as the charter expressly provides, the disciplinary action may consist: 1. Of discharge; 2. of reduction in grade; 3. of reduction in compensation; 4. of reduction in grade and in compensation.

There is no provision of the charter expressly authorizing the imposition of any fine for the violation of any rule or regulation of the department.

The City takes the position that section 238, supra, authorized reduction in compensation and that the fine of $480.00 imposed by the Manager was an authorized reduction in compensation, notwithstanding the fact that the Manager designated it as a fine. The plaintiff contends that under the provisions of section 319, supra, no reduction in compensation was authorized. His contention is that section 319, supra, definitely and unalterably fixes the compensation of the members of the police department and deprives the Manager of any power to make a reduction in compensation for disciplinary purposes. The effect of plaintiff's contention would be that part of section 238, supra, was repealed by section 319, supra, and with plaintiff's contention the trial court evidently agreed.

We have stated the contentions of the parties hereto, but we do not believe it necessary to determine whether section 319, supra, repeals parts of section 238, supra.

The charter of the City concerns itself with the general powers, rights and duties granted under article

XX of the Constitution of the state of Colorado, and under this charter, to the board of councilmen is expressly given all the legislative power possessed by the City under its charter. *People ex rel. v. Pickens,* 91 Colo. 109, 12 P. (2d) 349. The right and authority of the Manager to adopt and promulgate rules and regulations for the guidance of those under his jurisdiction is not questioned, but the extent of the punishment under those rules and regulations, for a violation thereof, is challenged. It may be remarked that the charter, by section 134, supra, recognizes an existent power in some authority to impose fines on members of the police department for violations of rules and regulations of that department. And, legislatively, under section 1570, supra, the board of councilmen have designated the Manager as the one to impose fines on members of the police department for certain violations and have vested him with authority so to do.

We are convinced that section 1570, supra, is not in conflict with any provision of the charter. We have said that it was a legislative matter properly before the board of councilmen for consideration, and the Manager has jurisdiction by virtue of this section to impose fines, and the Commission has jurisdiction, on appeal, to disapprove or approve the action of the Manager in this regard.

It should be remembered that plaintiff began this action to bring about his reinstatement as a sergeant of police and for judgment in the amount of the fine which was proposed by the Manager and approved by the Commission. In the hearing before the Manager, plaintiff's plea to the charges was "Well, technically, I want to plead, Not Guilty, but I do want to tell what happened." Plaintiff then fully and definitely confessed that he, while a patrolman, had entered into a financial arrangement for the purpose of either securing or insuring his grades in a civil service examination so as to obtain a promotion to the rank of sergeant. It subse-

quently developed that such a financial arrangement was unnecessary because plaintiff had honestly passed the civil service examination and was entitled to the promotion. Nevertheless, this does not exculpate him, for at the time the financial arrangement was made he was not aware of the fact that he had been successful in his examination. It is also equally obvious from plaintiff's own sworn testimony that he was perfectly willing to stultify himself and take advantage of an opportunity of dishonestly advancing in rank for a consideration which he must have known amounted to conduct unbecoming an officer and a gentleman. He knew that the practice of dishonestly obtaining an advantage in civil service examinations would defeat its object and purposes. When the proposal was made to plaintiff to insure or secure a grade to which he was not entitled in a civil service examination, he knew that this should be immediately reported to his superior officers, and it was a neglect of duty on his part not to do so.

Plaintiff contends that the rules and regulations of the police department defining conduct unbecoming an officer and a gentleman and neglect of duty are so ambiguous and uncertain as to amount in practice to a nullity. It is true that the rules are not so explicit as to specifically advise one of everything he may do and still be classified as an officer and a gentleman and those things he may not do without loss of that classification. However, it would tax one's credulity to assume for a moment that one who possessed sufficient intelligence to pass the civil service examination for the police department did not understand these rules and regulations sufficiently to realize that the securing or insuring of his promotion under civil service for a financial consideration violated one or both of the rules and regulations involved in this section. As applied to the facts in this case, the rules are certainly sufficiently specific and definite, and plaintiff should not be heard to say that

he was not, as an officer and a gentleman, conscious of the fact that his conduct was reprehensible.

It is also contended by plaintiff that he was denied his constitutional right to a fair and impartial hearing before the Manager. The record discloses that when the civil service scandal became a matter of common knowledge, the Manager began an investigation of the facts. He learned that some of those trusted by him had become involved in this scandal and he was keenly disappointed and angered. Plaintiff frankly admitted his participation in the civil service scandal. Under the evidence before the Manager, there is nothing in his attitude or in his disposition of the case that indicated that he was so biased and prejudiced against the plaintiff as to be unable to accord plaintiff a fair and impartial trial. The disciplinary action may have been more severe than would be imposed by another, but certainly it was within the Manager's power and it became his duty to determine what was proper disciplinary action, and in this action the plaintiff was not prejudiced.

Moreover, we should remember that plaintiff appealed from the decision of the Manager to the Commission, composed of highly respected and honorable gentlemen, and the Commission approved the action of the Manager. Plaintiff in his "Affidavit and Petition for Review and Appeal" from the Manager to the Commission did not allege that he had any new and additional evidence which he desired to offer in his behalf and which would establish his innocence. He was clearly guilty as charged unless his sworn statement before the Manager was false. There were no disputed facts in the hearing before the Manager. Consequently, there was nothing for the Commission to do in the absence of any allegation that there was new and additional evidence except to examine the record and determine from it whether or not plaintiff had been fairly and honestly dealt with under the rules and regulations of the department. There was no occasion and no necessity for a trial de novo before

the Commission, and, under the circumstances, plaintiff is in no position to complain of a failure to accord him such a trial.

Consonant with the facts in this case, we find that both the Manager and Commission had jurisdiction, and nothing in the record evidences an abuse of discretion. Under section 134 of the charter, considered with section 1570 of the municipal code, 1927, we are convinced that the Manager, upon conviction of a violation of the rules and regulations of the police department, was authorized to impose a fine, and this in no wise conflicts with sections 238 and 319 of the charter, and was properly a legislative matter to be fixed and determined by the board of councilmen. The Manager, the Commission, and the trial court all agreed that plaintiff was guilty of a violation of the rules and regulations promulgated by the Manager, and the only disagreement between these officers pertained to the power to impose a fine. We are persuaded that the trial court erred in determining that the power to fine did not exist and in entering his judgment for the repayment of the same to the plaintiff.

The judgment of the trial court in favor of defendants on the issue of plaintiff's demotion is affirmed, and the judgment of the trial court in favor of plaintiff for $480.00 is reversed and the cause remanded to the district court with instructions to set aside this portion of its judgment, and to enter judgment in favor of defendants.

Judgment affirmed in part; reversed in part.