[No. 3721.]

THE PRESBYTERIAN COLLEGE OF THE SOUTHWEST ET AL. v. POOLE.

WATER RIGHTS—ADJUDICATION OF PRIORITIES—JURISDICTION.
Where a water district extends into two or more counties, and an action is brought in the district court of the proper county to adjudicate the priorities of rights to the use of water in such district, such court acquires and retains exclusive jurisdiction to adjudicate such priorities in said district.

*Appeal from the District Court of Rio Grande County.*

Mr. IRA J. BLOOMFIELD, for appellant.

Mr. GEORGE P. WILSON and Mr. EZRA T. ELLIOTT, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This is an appeal from a decree of the district court of Rio Grande county adjudicating in favor of the appellee a priority of right to the use of water for irrigation in proceedings instituted under the irrigation statutes passed for that purpose.

Appellee's ditch, the lands irrigated thereby, and San Francisco creek, a natural stream from which the water is taken, are all situate in Rio Grande county.. Water district No. 20 extends into Costilla, Conejos and Rio Grande counties.   In 1889, in the district court of Costilla county, proceedings were duly instituted under said statutes for the purpose of

adjudicating the priorities of rights to the use of water for all ditches, etc., in that water district, and a decree was entered therein in November, 1891, establishing such priorities, and, among others, for ditches taking water from San Francisco creek. Appellee appeared therein, but the referee refused to hear him, for he then had no ditch through which to enjoy his alleged priority, having, up to that time, received its benefits by a natural overflow of the stream. No exception was taken to the referee's ruling;—at least, no attempt was made to review it.

Within the statutory time therefor this decree was reopened and thereafter, with some modifications, was affirmed in May, 1896, by Hon. J. H. P. Voorhees, judge of the tenth judicial district, who had been called in by the district judge of Costilla county to pass upon the same. After this decree was reopened, and before it was affirmed, and in the month of November, 1895, a petition was filed in the district court of Rio Grande county by the appellee, asking for an adjudication of the priority in question. The district judge of that district, Hon. C. C. Holbrook, granted the petition in vacation, and appointed a referee to take testimony and report a decree thereon, and thereafter the referee proceeded to take testimony, and reported the same, together with his findings and decree, to the district court of Rio Grande county, which decree, adjudging to appellee's ditch the first priority out of San Francisco creek, was in all respects affirmed by the district court.

The appellants herein appeared both before the referee and court, and objected to the proceedings upon the ground that the district court of Rio Grande county was without jurisdiction in the premises. This objection was overruled, and such ruling is assigned for error here.

Water district No. 20, since July, 1889 (Session Laws, 1889, p. 218), consists " of all lands irrigated by water taken from that portion of the Rio Grande above the mouth of the Rio Conejos, and from the streams draining into the said portion of the Rio Grande, including Piedra, Spring, Gato,

and San Francisco creeks, and all other streams that would in time of flood flow into the said portion of the Rio Grande, although at ordinary stages the waters thereof might not flow upon the surface to the Rio Grande."

The jurisdictional question has been determined by the decision of this court in *Louden Canal Co. v. Handy Ditch Co.*, 22 Colo. 102, and in favor of appellants' contention. The appellee tries to distinguish this case from that by the assertion that San Francisco creek is not a tributary of the Rio Grande river, and for that reason owners of priorities therefrom are in no wise concerned in the adjudication of priorities for the creek. No evidence in support of this assertion is called to our attention, and no finding to that effect was made, but the contrary seems to have been assumed by the court below, and the decision, overruling appellants' objection to the court's jurisdiction, was based upon other grounds.

Whether or not the creek is a tributary of the river, though the statute so treats it, is not important, for the statute quoted expressly includes it as a part of water district No. 20, and, as such, the tribunal having original jurisdiction to determine priorities of ditches taking water from it is the district court of Costilla county, which was the proper court in which to institute proceedings for that purpose, and, as shown by the record, was the court in which proceedings had been duly begun, and were pending when appellee instituted this proceeding, and so its jurisdiction was exclusive. The facts bring the case squarely within the rule announced in the *Louden* case, *supra*. The argument in support of the conclusion there reached need not be repeated.

The district court of Rio Grande county not having jurisdiction of this proceeding, it should have sustained the objections of appellants. Its judgment and decree are, therefore, reversed, with instructions to dismiss the petition.

*Reversed.*