## No. 25210

**Louise G. Larrick and William F. Larrick v. The District Court in and for the County of Morgan, State of Colorado, and the Judge thereof, the Honorable Francis L. Shallenberger**

(493 P.2d 647)

Decided February 7, 1972.

238

Miller, Ruyle, Steinmark and Shade, David J. Miller, Alvin L. Steinmark, for petitioners.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Ben L. Wright, Jr., Special Assistant, for respondents.

George A. Epperson, Donald F. McClary & Stanley I. Rosener, for amicus curiae, North Kiowa Bijou Management District.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

Under an application by petitioners for a writ in the nature of prohibition, we issued a rule requiring respondents to show cause why a motion for change of venue should not be granted. It now appears to us that the rule was issued improvidently, and we discharge it.

The Colorado Ground Water Management Act was adopted in 1965. 1965 Perm. Supp., C.R.S. 1963, 148-18-1 *et seq.* This act relates solely to "designated ground water." It provides:

"The term 'designated ground water' is that ground water which in its natural course would not be available to and required for the fulfillment of decreed surface rights, or ground water in areas not adjacent to a continuously flowing natural stream wherein ground water withdrawals have constituted the principal water usage for at least fifteen years preceding January 1, 1965; and which in both cases is within the boundaries, either geographic or geologic, of a designated ground water basin."

The statute established a Ground Water Commission, which in turn establishes boundaries of ground water basins.

The act protects the priorities of those appropriating such water prior to its effective date. The commission, upon application, grants or denies permits for new appropriations of such water.

Adjudication of priorities to surface streams and ground waters tributary thereto has been under the Adjudication Act of 1943, and some residual provisions of the Adjudication and Limitation Act of 1919. C.R.S. 1963, 148-9-1 *et seq.* and 148-10-1 *et seq.* These statutes have been superseded by the Water Right Determination and Administration Act of 1969. 1969 Perm. Supp., C.R.S. 1963, 148-21-1 *et seq.,* as amended. This latter act has divided the state into seven divisions, each having a district judge who is designated as the "water judge." The statute gives exclusive jurisdiction to the water judge of "water matters" as defined in the act. The statute provides that it shall *not* be applicable to designated ground water basins as defined and established by the Colorado Ground Water Management Act. The 1969 act provides that pending adjudications under the 1943 act shall be completed under the provisions of that act (until a designated time, which is still in the future).

An adjudication proceeding under the 1943 act was commenced in Weld County, Colorado several years ago. In that adjudication petitioner William F. Larrick filed a claim for the adjudication of water obtained through an underground well. On March 26, 1971, the District Court of Weld County made its findings and decree with respect to such water well. The decree provided that the well was located in Section 14 T. 3 N., R. 60 W., 6 P.M., Morgan County, Colorado. It further provided as follows:

"The water produced by said well shall be piped or otherwise transferred by the claimant from the location of the well as described in paragraph 5. herein and applied to a beneficial use in the NW 1/4, Sec. 19, T. 3 N., R. 59 W. of 6th P.M., Morgan County, Colorado."

On May 18, 1971, the Colorado Ground Water Commission and the State Engineer filed an action against the petitioners in the District Court of Morgan County. The

complaint in this action contained allegations to the following effect:

The petitioners have two wells in the aforementioned Section 14. These are within the boundaries of Kiowa Bijou Ground Water Basin which was formed on December 2, 1965. The petitioners have commenced construction of a ditch or pipe line from the wells to carry water to a location a mile and one-half away. The area in which the wells are located is one in which no new well permits are being granted as the water of the area is considered to be over appropriated. The purposed acts are in violation of Rule 10 of the Ground Water Commission.

The complaint asked for an injunction against use of the wells. The petitioners filed a motion for change of venue to the Weld County District Court. The grounds for this motion are that in the adjudication proceeding the Weld County District Court permitted the transfer of use of the water; that the Weld County District Court had continuing jurisdiction of the matter; and that the 1969 act vested exclusive jurisdiction in the "District Court of Weld County, Colorado, sitting as the Water Court for Water Division No. 1." The Morgan County District Court denied the motion for change of venue and it is to this order that our attention is directed in this proceeding.

There has been filed here documentary evidence which was not before the trial court. The petitioners have moved that some of this be stricken and then, somewhat anomalously, have submitted some of the same evidence as a part of their reply brief. In this opinion we are not considering any of the evidence which was not before the trial court and, therefore, we will make no determination under the motion to strike.

We question whether the motion for change of venue is proper. As we see it, the question rather is whether the Morgan County District Court has jurisdiction. If it does not have jurisdiction, then it would seem that the remedy is not change of venue but rather dismissal of the injunction action. In any event, we pass upon the issue of jurisdiction *at this point* of the proceedings. We have been asked to rule on

other issues, but we confine ourselves solely to this one, narrow issue.

I.

We know of no authority which is to the effect that when there has been an adjudication of priorities in one court, that court is the only one having jurisdiction to entertain an injunctive action relating to those priorities. Therefore, if the argument as to continuing jurisdiction can stand, it must be predicated upon the proposition that by the adjudication of priorities in the Weld County District Court there was obtained exclusive jurisdiction *in that particular proceeding* for any injunctive relief relative to those priorities. That adjudication proceeding under the 1943 Act was purely for the adjudication of priorities. By entertaining the adjudication, the court in no way clothed itself with exclusive jurisdiction as to injunctions relating to those priorities. The authorities cited by petitioners do not support the proposition. For example, they cite *Presbyterian College v. Poole,* 25 Colo. 50, 52 P. 1103 (1898). There a water district extended into three counties. An action was brought in the district court of one county to adjudicate priorities in the district. It was held that the court acquired and retained exclusive jurisdiction to adjudicate priorities throughout the district. Exclusive jurisdiction to adjudicate priorities is a far different matter than exclusive jurisdiction to entertain any future injunctive suit.

II.

It is the effect of the allegations of the complaint in the Morgan County action that the water involved is designated ground water, jurisdiction over which was given to the Ground Water Commission. At this point of the proceedings we must assume the truth of these allegations. Coupling this assumption with the location of the land and water in Morgan County, the district court of that county has jurisdiction of the action. If later the petitioners can prove that the water is not designated ground water and that, with proper jurisdiction, the Weld County District Court adjudicated it, the Ground Water Commission and State Engineer

must fail in their action. That bridge has not yet been crossed.

### III.

The petitioners cannot base their position upon the 1969 act. As already mentioned, water adjudications pending at the effective date of that act do not come within its provisions until a later date. Further, as was previously mentioned, the act by its terms does not apply to designated ground water. Also, the 1969 act provides that the water judges have exclusive jurisdiction of "water matters." "Water matters shall include only those matters which this article and any other law shall specify to be heard by the water judge of the district courts." 1969 Perm. Supp., C.R.S. 1963, 148-21-10(1). Nothing in the act specifies designated ground water as included within "water matters" and, as already stated, the act specifically excludes that type of water. *See Fundingsland v. Colorado Water Commission,* 171 Colo. 487, 468 P.2d 835 (1970).

The rule is discharged as having been improvidently granted.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE LEE not participating.