MR. JUSTICE DAY
delivered the opinion of the Court.
Two questions are raised in this appeal. One challenges the jurisdiction of the trial court. The other is directed to the correctness of the judgment finding appellant guilty of contempt of court. We hold the court properly exercised jurisdiction over the subject-matter and the parties. The judgment, however, is reversed.
By a decree of the Weld County District Court entered in 1962, appellant Baumgartner and his tenants and agents were enjoined from:
*211 “* * * the use of greater quantities of water than absolutely necessary for the irrigation of the land owned by the defendant [Baumgartner], to wit:* * * and enjoining them, and each of them from wasting said irrigation water, uselessly discharging said irrigation water and allowing said irrigation water to run away from the property of the defendant, Charley Baumgartner, to wit:* * * on to the property of the plaintiffs, Joseph F. Stremel and Katherine Stremel* * *.”
The proceedings below were on petition of appellees, the Stremels, alleging that Baumgartner and his tenants were repeatedly violating the 1962 injunction by running excess water from Baumgartner’s property on to Stremels’ property. Citation was issued to Baumgartner and others, the tenants, to show cause why they should not be adjudged in contempt of court.
After hearing, at which petitioner Stremel introduced approximately 40 photographs and testified as to his opinion concerning the volume of water being discharged on to the Stremel land, the trial court held:
“* * * that the Defendant be found in Contempt of Court, but no punishment will be administered at this time. Whereupon, IT IS FURTHER ORDERED that the Defendant shall not discharge more than one-half second foot of water to the Plaintiffs’ property.”
I.
Appellant first contends that this case concerns water distribution and beneficial use of water, which are matters which are exclusively vested in the Water Court in Weld County pursuant to the “Water Right Determination and Administration Act of 1969,” 1969 Perm. Supp., C.R.S. 1963, 148-21-1 et seq. We do not agree. Hearing before the court did not involve beneficial application of water nor matters of priorities of appropriation. It dealt with the manner in which water was allowed to run off the land after irrigation. The district court as a court of general jurisdiction has power to prevent negligent or deliberate damage—by whatever means—to property and to enforce court orders designed to prevent irreparable injury. Larrick v. District *212 Court, 177 Colo. 237, 493 P.2d 647. Thus, these proceedings involved the inherent power in the court to punish one for violation of a court order. The 1962 injunction cannot be collaterally attacked.
II.
Appellant next argues that the judgment of contempt is not supported by the evidence. He additionally urges that the judgment of contempt also included a modification of the original injunction decree, and that on a citation for violation of a court order the matter of modification or changing the decree is not before the court. We agree.
There was nothing in the evidence presented before the court to show that Baumgartner, or those acting under him, was using a greater quantity of water than was necessary. The record does not show the amount of water decreed to Baumgartner’s land, nor the acreage under irrigation. Since we take judicial knowledge that there is some return of irrigation water to the stream, we note there was no effort to prove how much, if any, of the water leaving the land was “excess” water or water not required for beneficial irrigation of the land. In our view, “waste water” and “water which is being wasted” are entirely different things. In the original decree, Baumgartner was enjoined from wasting irrigation water. In fact, the decree was almost identical with the language in C.R.S. 1963, 148-7-8.
The judgment of the court also erroneously modified the original decree by prohibiting appellant “from discharging more than one-half second foot of water” to the appellees’ property. Request for or evidence to support a modification of the decree was not before the court. Additionally, the order is contrary to the finding of the court, to wit:
“I have no standards with which to guide the defendant if I were to make a ruling at this time.”
The judgment is reversed with directions to vacate the contempt order.
MR. CHIEF JUSTICE PRINGLE not participating.