## No. 24570

Edwin W. Hayes, Garnett L. Hayes, Guss D. Hill, Louis V. Guyer, Erma C. Guyer, Leon Snyder, M. T. Wiley, Mary L. Wiley, Wayne E. Booker, Frances G. Booker, Marion H. Ross, Freda V. Ross, Charles E. Salladay, A. E. Harding, Lena Salladay, Clemmy A. Williams, Inezbelle Williams, Jasper Ackerman, Cherokee Water District, and Cimarron Development Co. v. State of Colorado, Ground Water Commission of the State of Colorado, Clarence J. Kuiper, individually and as the State Engineer of the State of Colorado, Squirrel Creek-Ellicott Water Association, T. R. Schubert, Everett Handle, and Frances Guthrie

(498 P.2d 1119)

Decided June 12, 1972.                    Rehearing denied July 24, 1972.

Saunders, Dickson, Snyder & Ross, P.C., Glenn G. Saunders, John M. Dickson, for plaintiffs in error.

Duke W. Dunbar, Attorney General, John P. Moore, Assistant, Ben L. Wright, Jr., Special Assistant, James D. Geissinger, Special Assistant, for defendants in error State of Colorado, Ground Water Commission of the State of Colorado, and Clarence J. Kuiper, individually and as the State Engineer of the State of Colorado.

George W. Woodard, for defendants in error Squirrel Creek-Ellicott Water Association, T. R. Schubert, Everett Handle, and Frances Guthrie.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

On May 1, 1968, the Colorado Ground Water Commission entered an order designating a 350 square mile area in east central El Paso County as a ground water basin pursuant to 1965 Perm. Supp., C.R.S. 1963, 148-18-5. Appellants own wells and decreed water rights within the area and protested its designation as a ground water basin as defined in 1965 Perm. Supp., C.R.S. 1963, 148-18-2(3).

Being unsuccessful before the Water Commission, the protestants appealed to the district court, and a de novo hearing was held pursuant to 1965 Perm. Supp., C.R.S. 1963, 148-18-14. The lower court upheld the designation by the Commission. We affirm.

At oral argument of this case, counsel for appellants admitted that, in reality, there was only one issue to be resolved by this court, namely, whether there was evidence to support the finding made by the lower court in pertinent part as follows:

"The Court finds and determines from the evidence adduced before the Ground Water Commission and the testimony and exhibits at the trial in this court clearly [sic] establish [1] that the ground water herein involved in its natural course would not be available to and required for the fulfillment of decreed surface rights; [2] that such ground water is not adjacent to a continuously flowing natural stream wherein ground water withdrawals have constituted the principal water useage [sic] for at least fifteen years preceding January 1, 1965,* * *."

The general rule is that the evidence will be viewed by this court in the light most favorable to upholding the judgment. Considerations of credibility of witnesses and the weight to be accorded their testimony are for the trial court. With these principles in mind, if there is any evidence to support lower court finding, it will be upheld. *See Bennett v. Accounts, Inc.*, 155 Colo. 461, 395 P.2d 225. In the instant case, there is such evidence.

The judgment is affirmed.