MR. JUSTICE GROVES
delivered the opinion of the Court.
These two cases raise similar legal questions and so have been consolidated for review. The appellant in Supreme Court No. 25351 is William F. Larrick and the appellants in Supreme Court No. 25606 are William F. Larrick and Louise G. Larrick. For purposes of this opinion, we will refer to them generally as the appellants.
In 1965 the General Assembly adopted the “Colorado Ground Water Management Act” (herein called the Act), *399 1965 Perm. Supp., C.R.S. 1963, 148-18-1 et seq. It was designed to permit the full economic development of designated ground water resources. Designated ground water is defined in § 2(3) of the Act as,
“that ground water which in its natural course would not be available to and required for the fulfillment of decreed surface rights, or ground water in areas not adjacent to a continuously flowing natural stream wherein ground water withdrawals have constituted the principal water usage for at least fifteen years preceding January 1, 1965; and which in both cases is within the boundaries, either geographic or geologic, of a designated ground water basin.”[1]
Section 10( 1 )(b) of the Act provides for the establishment of a Colorado Ground Water Commission (herein called the Commission) which is generally empowered to “supervise and control the exercise and administration of all rights heretofore or hereafter acquired to the use of designated ground water.” The Commission is granted authority, after notice and hearing, to establish the boundaries of designated ground water basins. Section 5.
Ground water management districts may be formed with the consent of the Commission in designated ground water basins on petition and vote of taxpaying electors living within the proposed district. Sections 17 through 23. The board of directors of management districts are granted various powers including the authority to regulate the use, control and conservation of ground water located within the district.
The promulgation and adoption by management districts of proposed regulations and control measures applicable generally to water users within the district may be reviewed by the Commission; and specific decisions made by a district in the execution or enforcement of district control measures may be reviewed by the appropriate district court. *400 North Kiowa-Bijou Management District v. Ground Water Commission, 180 Colo. 314, 505 P.2d 377 (1973). Section 14 authorizes appeals to the appropriate district court from decisions, acts or refusals to act by the Commission.
The appellants have at least two irrigation wells located on property owned by them in Morgan County. In December of 1965 and pursuant to statutory procedures, the Kiowa-Bijou Ground Water Basin (herein called the Basin) was formed. Subsequently, taxpaying electors within the Basin created the North Kiowa-Bijou Management District (herein called the District). This embraces a portion of the Basin. The appellants’ wells are located within the boundaries of the District. The appellants do not contend and the records in the two cases before us do not indicate that they availed themselves of the statutory methods for protesting the formation of the Basin or the inclusion of their lands within the boundaries of the Basin. See Hayes v. State, 178 Colo. 447, 498 P.2d 1119 (1972).
In 1969, the Commission adopted policy guideline No. 10, which provided as follows:
“The permit should be considered valid to irrigate only the land specified thereon. For the purposes of administration, if the applicant desires to irrigate land other than that specified in the permit, he should apply to the commission for approval of the same. Approval may be given by the staff provided that there is no increase in the amount of water appropriated or in the number of acres irrigated.”[2]
During the early part of 1970 the appellants began to construct a pipeline from one of their irrigation wells to other land owned by them approximately 8,000 feet away. The District notified the appellants that the water could not be transferred without approval pursuant to guideline No. 10. Subsequently, the appellants sought and were denied approv *401 al for the transfer by the District. The appellants did not seek formal approval for the transfer from the Commission as required by the guideline.
A general supplemental adjudication had commenced in the Weld County District Court in 1965 under the Water Adjudication Act of 1943. C.R.S. 1963, 148-9-1 etseq. This was still pending in 1970 and in May of that year — following the District’s refusal to permit the appellants to transfer water — the appellants filed a statement of claim in that proceeding, seeking an adjudication of at least one of their wells and approval of their plan to transfer water. The Weld County District Court, not being advised that the appellants’ well was located within the Basin, adjudicated the well and authorized the transfer of the place of use.
After learning of the Weld County order permitting the appellants to transfer water, the State Engineer and the Commission filed an action in the Morgan County District Court seeking to enjoin the appellants from transporting water. Additionally, the State Engineer, the Commission and the District filed a motion in the Weld County District Court to vacate its order authorizing the transfer of water and adjudicating the appellants’ well, and to dismiss the appellants’ claim.
The Weld County District Court, being then advised that the appellants’ well was located within the Basin, vacated its order and confirmed an earlier order of December 6, 1967 that the court lacked jurisdiction over designated ground water within the Kiowa-Bijou Ground Water Basin and that it lacked jurisdiction to:
“adjudicate, or otherwise control the rights of users of said designated ground water who take or derive water from said underground sources by means of wells situated within said Kiowa Bijou Ground Water Basin.”
Prior to the vacation of the Weld County order, the appellants had filed in the injunction proceedings in the Morgan County District Court a motion for a change of venue to the Water Court in Weld County. This motion was denied. The appellants then sought a writ in the nature of *402 prohibition in this court again seeking a change of venue. In discharging our rule to show cause, we stated:
“It is the effect of the allegations of the complaint in the Morgan County action that the water involved is designated ground water, jurisdiction over which was given to the Ground Water Commission. At this point of the proceedings we must assume the truth of these allegations. Coupling this assumption with the location of the land and water in Morgan County, the district court of that county has jurisdiction of the action. If later the petitioners can prove that the water is not designated ground water and that, with proper jurisdiction, the Weld County District Court adjudicated it, the Ground Water Commission and State Engineer must fail in their action. That bridge has not yet been crossed.” Larrick v. District Court, 177 Colo. 237, 493 P.2d 647 (1972).
On return of the case to the Morgan County District Court, the appellants failed to prove that their water was not designated ground water. Instead, appellants argued that their water, even though it was designated ground water, was tributary to the South Platte River — i.e., that their water if not intercepted would reach and become a part of the South Platte. The appellants argued that the Act could not constitutionally be applied to tributary ground water, particularly where that water was appropriated prior to the adoption of the Act.
During the trial in the Morgan County District Court, testimony indicated that the rate of flow of the underground water in the area of the appellants’ well averaged 200 to 250 feet per year and that, at the rate of 250 feet per year, it would take the water some 200 years to reach the South Platte River. In permanently enjoining the appellants from transferring their water, the Morgan County District Court made no specific finding as to the tributary or non-tributary nature of the appellants’ water. Instead, the court ruled that the Ground Water Commission had jurisdiction over the regulation and use of designated ground water, including the authority to adopt rules and regulations limiting and control *403 ling the land upon which designated ground water might be utilized. It is implicit in the court’s ruling that the injunction was based on the fact that the appellants had not obtained approval from the Commission to transfer water as required by guideline No. 10 and had not even formally applied to the Commission for such approval.
In Colorado Ground Water Commission v. Larrick, Supreme Court No. 25606, the appellants appeal from the Morgan County District Court order enjoining the transfer of water. In Larrick v. North Kiowa Bijou Management District, Supreme Court No. 25351, the appellants appeal from the order of the Weld County District Court vacating its previous order which had ajudicated the appellants’ well and permitted the transfer of water.
I.
The appellants contend that the Act as applied to tributary ground water violates article XVI, § 6 of the Colorado Constitution because § 1 of the Act provides that the doctrine of prior appropriation should be modified to permit the full economic development of designated ground water resources. Colo. Const, art. XVI, § 6 provides as follows:
“The right to divert the unappropriated waters of any natural stream to beneficial uses shall never be denied. Priority of appropriation shall give the better right as between those using the water for the same purpose . . . .”
Section 8(1) of the Act states that the priority of claims for the appropriation of designated ground water shall be determined by the doctrine of prior appropriation; that all claims based on the actual taking of designated ground water for beneficial use prior to the effective date of the Act shall be determined by the doctrine of prior appropriation; and that such claims shall relate back to the date when the designated ground water was put to a beneficial use. Section 8(2) provides for the awarding of a numbered priority for each well based on the time when the water was first applied to a beneficial use.
The appellants’ appropriation of the ground water at issue *404 appears to have been made prior to the adoption of the Act. They do not argue that they are or have been unable to obtain a proper priority date under the Act. They have not shown that they would be injuriously affected by having a priority among Basin appropriators instead of among so-called surface decrees, i.e., in the Weld County adjudication. In the absence of such a showing we will not consider the question of whether there is a violation of Colo. Const, art. XVI, § 6.
II.
The appellants contend that an administrative agency, as distinct from the courts, cannot make initial determinations of water priorities. Although in Colorado jurisdiction for water adjudication has traditionally been in the courts, we find nothing in the Colorado Constitution — and particularly nothing in art. XVI, § 6 — to prevent the legislature from placing such jurisdiction in a different agency, such as the Commission in the case of designated ground water, considering that such determinations are appealable to the courts. Other western states having the appropriation doctrine have statutorially granted to administrative agencies jurisdiction over the initial determination of priorities. 5 Waters and Water Rights § 414 (R. Clark ed. 1972); and 3 C. Kinney, Law of Irrigation and Water Rights §§ 1585-1586 (2d ed. 1912).
Further we cannot agree with appellants’ argument that, by authorizing the Commission to establish the priority of claims for the appropriation of designated ground water, the Act violates the doctrine of separation of powers and constitutes an unlawful delegation of judicial powers under Colo. Const, art. Ill and art. VI, § 1. See People v. Colorado Title and Trust Co., 65 Colo. 472, 178 P. 6 (1918); and Farm Investment Co. v. Carpenter, 9 Wyo. 110, 61 P. 258 (1900).
III.
Appellants argue that, prior to the adoption of the Act, they had the right to change the place of use of their well water; and that they cannot be deprived of this right retrospectively, citing Colo. Const, art. II, § 11. Intertwined *405 are the questions not reached here of whether this is tributary water and, if so, whether tributary water may be included in a designated ground water basin. If the same change-of-place-of-use rules apply to designated ground water as to surface water, then the Commission can be the proper agency to determine whether the place of use can be changed without injury to others and, if so, the conditions to be imposed to prevent injury. Ackerman v. Walsenburg, 171 Colo. 304, 467 P.2d 267 (1970).
The appellants did not elect to submit these questions to the Commission. Without any attempt to seek an administrative determination of these difficult questions, a court should not make the initial determinations.
We wish to point out that we are not here considering the Commission as a reviewer of the District’s decision not to allow change of place of use. Rather, under guideline No. 10 the matter should have been submitted to the Commission initially. North Kiowa-Bijou Management District v. Ground Water Commission, supra, spoke to review by the Commission of individual actions taken by the District. Specifically we do not here overrule or modify that opinion.
IV.
The appellants contend in Colorado Ground Water Commission v. Larrick, Supreme Court No. 25606, that the Commission’s guideline No. 10 is inoperative as to the appellants since there was no evidence in the record to show that the appellants’ proposal to transfer water would increase the amount of water appropriated or injure other appropriators.' Again, since the appellants failed to exhaust their adminstrative remedies, we do not view this evidentiary question as being properly raised here.
V.
We have carefully reviewed all other arguments and find them to be without merit.
We see nothing in the appellants’ arguments here that would constitutionally prevent the Act, or the rules and regulations adopted pursuant thereto, from being applied to the appellants or to their ground water rights. The appellants *406 having failed to object to or appeal from the formation of the Kiowa-Bijou Ground Water Basin as permitted by § 14 of the Act, we view their arguments as an impermissible collateral attack on the decision of the Commission to include the appellants’ land within the boundaries of the Basin.
We hold that jurisdiction to adjudicate the appellants’ appropriation of designated ground water and to approve their proposal to transfer the place of use of such water lies in the Commission. We therefore affirm the order of the Weld County District Court in Larrick v. North Kiowa-Bijou Management District, Supreme Court No. 25351, vacating its previous order adjudicating the appellants’ well and permitting the transfer of water. The order of the Morgan County District Court in Colorado Ground Water Commission v. Larrick, Supreme Court No. 25606, enjoining the appellants from transferring the place of use of their well water, is also affirmed.
MR. JUSTICE DAY and MR. JUSTICE LEE do not participate.

 This sub-section was amended in 1971. It amended “boundaries, either geographic or geologic” to read “geographic boundaries.” Other portions of the Act, some of which are here cited, have been amended. Since these amendments do not affect the content of this opinion, we do not mention them.

 The appellants do not attack the authority of the Commission to adopt the guideline nor do they question the validity of the guideline itself. We therefore assume for the purpose of these cases that the Commission had authority to adopt guideline No. IQ and that the guideline is valid.