MR. JUSTICE GROVES
delivered the opinion of the Court.
Claims for conditional decrees as to well water were filed in 1967 in a supplementary water adjudication proceeding under the Adjudication Act of 1943. C.R.S. 1963, 148-9-1 et seq. Later proof was made under these claims, and thereafter there was created the Upper Black Squirrel Creek Basin (hereinafter refer *381 red to as the “Basin”). Subsequently, conditional decrees were entered in the supplemental adjudication. These embrace water located within the Basin. The issue is whether upon the creation of the Basin the court lost jurisdiction as to this water, and jurisdiction vested in the Ground Water Commission under the Colorado Ground Water Management Act adopted in 1965. Sections 37-90-101 et seq., C.R.S. 1973. We hold that the court did not lose jurisdiction, and affirm.
The 1965 Act just mentioned relates solely to “designated ground water,” which is defined as follows:
“[Gjround water which in its natural course would not be available to and required for the fulfillment of decreed surface rights, or ground water in areas not adjacent to a continuously flowing natural stream wherein ground water withdrawals have constituted the principal water usage for at least fifteen years preceding the date of the first hearing on the proposed designation of the basin, and which in both cases is within the geographic boundaries of a designated ground water basin.”
The Act provides for a ground water commission, which is a state-wide body. The commission may create designated ground water basins upon determination that the water lying within the basin is “designated ground water.” The commission, upon application of certain procedures, may issue permits to persons desiring to appropriate ground water for beneficial use. The Act does not provide for conditional decrees, at least in the sense that conditional decrees are issued under the 1943 and 1969 water Acts.
On September 2, 1966 the appellee, Sweetwater Development Corporation (called “Sweetwater”) filed in the District Court of Pueblo County a petition for the supplemental adjudication of water. The court on September 6, 1966 entered an order commencing this supplemental adjudication. Sweetwater and the ap-pellee Ackerman submitted their claims in this proceeding. On November 3, 1967 the Basin had not yet been created, but the court was aware of the possibility of its creation and that water rights involved in supplemental adjudication might be within the Basin. On the last named date, the court entered an order which provided among other things:
“This Court will not accept any statement of claim nor hear proof *382 in support thereof of any ground water diversion by means of wells in Water District No. 14, which well is located in a ground water basin after the establishment of such ground water basin. ’ ’
On January 30, 1968 the appellants made their proofs. Some of the water rights involved were made absolute by virtue of the evidence then taken, and these absolute decrees are not before us. As to the remaining water of the appellees, proof was made as a basis for the rendition of conditional decrees.
On May 1, 1968, the commission entered an order designating and creating the Basin.[1]
The Water Right Determination and Administration Act of 1969 provided that all proceedings pending on June 7, 1969 should be concluded by June 1, 1972 but, if they were not concluded by the latter date, they should be completed by the water judge of the division involved.
On July 30, 1970 the district court entered an interim decree awarding conditional water rights.
As permitted by the 1969 Act, on December 1, 1970 District Judge William L. Gobin, who was and is the Water Judge of Water Division No. 2, was assigned to these proceedings. On April 28, 1972, Judge Gobin entered an adjudication decree which found that, as to the conditional decrees adjudicated in the interim decree, work had been prosecuted with due diligence continuously from and after the priority date awarded each conditional appropriation to April 28, 1972.
The 1969 Act specifically provides that “underground water” which is the subject of that Act “is considered different from ‘designated ground water’ ” as provided by the 1965 Act.
At all material times the appellants have taken the position that, upon the creation of the Basin, exclusive jurisdiction over the water here involved vested in the commission and the district court lost all jurisdiction. They place great emphasis upon the following statement in Larrick v. District Court, 177 Colo. 237, 493 P.2d 647 (1972), as follows:
*383 “The petitioners cannot base their position upon the 1969 act. As already mentioned, water adjudications pending at the effective date of that act do not come within its provisions until a later date. Further, as was previously mentioned, the act by its terms does not apply to designated ground water. Also, the 1969 act provides that the water judges have exclusive jurisdiction of ‘water matters.’ ‘Water matters shall include only those matters which this article and any other law shall specify to be heard by the water judge of the district courts.’ 1969 Perm. Supp., C.R.S. 1963, 148-21-10(1). Nothing in the act specifies designated ground water as included within ‘water matters’ and, as already stated, the act specifically excludes that type of water.”
There are two Larrick cases: The one just cited and Larrick v. No. Kiowa, 181 Colo. 395, 510 P.2d 323 (1973). These involve the same water. In the Larrick cases the designated ground water basin had been created prior to any filing before the water court. The Larricks sought to change the place of use of well water. They asked permission from the board of the district embracing the particular designated ground water basin which board is in effect under the supervision of the commission. This permission was denied and, thereafter, the Larricks first sought to have the water adjudicated by the water court under the 1969 Act. The facts there have no significant applicability here.
It has long been the law that the person who produces “developed” water which otherwise would not reach the surface or be tributary to any stream, may appropriate that water if the developer places it to a beneficial use prior to the time any other appropriator uses it. Platte Valley Irrigation Co. v. Buckers Co., 25 Colo. 77, 53 P. 334 (1898). See also Denver v. Fulton Irrigation Ditch Co., 179 Colo. 47, 506 P.2d 144 (1972); Dalpez v. Nix, 96 Colo. 540, 45 P.2d 176 (1935); and Ripley v. Park Center L. & W. Co., 40 Colo. 129, 90 P. 75 (1907). Thus, prior to the 1965 Act, a person could obtain a prior right to “developed” water. The law has been, however, that there is a presumption that all ground water finds its way to the stream, is tributary thereto, and is subject to appropriation as a part of the waters of the stream. “The burden of proof is on one asserting that such ground water is not so tributary, to prove that fact by *384 clear and satisfactory evidence.” Safranek v. Limon, 123 Colo. 330, 228 P.2d 975 (1951).
Thus, we have a situation in which, prior to the 1965 Act, one could obtain rights to water similar to what became under the Act “designated ground water.” Further, it was the law that, until shown rather conclusively otherwise, water is presumed to be tributary to the stream.
The water judge found that to hold in favor of the appellants would deprive the appellees of a conditional water right in violation of Colo. Const. Art. n, §§ 11 and 25. We need not reach this question as we rest our opinion on interpretation of the statutes and legislative intent.
Absent a showing to the contrary, prior to the creation of the Basin, there was a presumption that the water here involved was tributary to a stream. Except for the creation of the Basin, no showing was made in the adjudication that it was not tributary water.
Obviously, there must be some “cut-off” time when water within a designated ground water basin can no longer be adjudicated in our courts as water that is not so designated. We could affirm here by merely holding that, under the facts of this case, where the claim has been filed and the proof has been introduced in an adjudication proceeding with respect to a conditional decree prior to the time of creation of a designated ground water basin, the court retains jurisdiction to complete those proceedings and, when the time is ripe, to enter an absolute decree. We feel, however, that that is too strict an interpretation of our statutes and does not represent the legislative intent. Rather, we go further and hold that under our present statutes a court can complete an adjudication proceeding involving a conditional water right if: (1) prior to the designation and creation of the designated ground water basin, the claim for a conditional water right has been filed in the court adjudication proceedings; and (2) either before or after the designation and creation of the designated ground water basin, proof is introduced showing that the applicant was entitled to a coriditional decree prior to the time of the designation and creation of the basin.
Judgment affirmed.
MR. CHIEF JUSTICE PRINGLE does not participate.

The validity of the creation of the Basin was subjected to judicial attack, and was approved by the district court and this court. Hayes v. Ground Water Commission, 178 Colo. 447, 498 P.2d 1119 (1972).