MR. JUSTICE GROVES
delivered the opinion of the Court.
The appellants, David and Beverly Goss, received permission from the Colorado Ground Water Commission (commission) to export water out of the designated ground water basin in which their wells are located for use for domestic, municipal and irrigation purposes. On appeal, the district court granted appellee’s motion for summary judgment, ruling that the commission had no authority to authorize this change of use. It held the commission’s order null and void and enjoined the defendants from exporting water and from making any use of the water other than that authorized by their original well permits. We reverse.
The appellants own three wells located within an area designated in 1968 as the Upper Black Squirrel Designated Ground Water Basin (basin). No ground water management district within the boundaries of the basin has been formed. The permits for these three wells, which have *194 priority dates from 1921 to 1963, allow the appellants to use annually 1,000 acre feet of water for domestic and irrigation purposes on their farm, lands within the basin. The historic use of the wells for irrigation has been 700 acre feet per year.
On January 30, 1974 the appellants applied to the commission for the change of use of all of their well water, i.e., 1,000 acre feet per year. The commission authorized the change with a limitation of the amount withdrawn from the wells in accordance with a specified formula and, in any event, in an amount not to exceed 420 acre feet annually.
The appellees, who withdraw water from the wells in the basin, appealed the commission’s order to the district court. The appellees Cherokee Water District and Cimarron Corporation export their water for domestic and municipal use outside the basin.
The statute provides: “. . . The place of use shall not be changed without first obtaining authorization from the ground water commission.” Subsection 37-90-107(1), C.R.S. 1973. The district court first held that this “sentence relates to the application stage of a permit to take designated ground water and not to a perfected right to take designated ground water.”
The commission has statutory authority to “supervise and control the exercise and administration of all rights acquired to the use of designated ground water.” Subsection 37-90-111 (l)(a), C.R.S. 1973. The district court also ruled that, by reason of legislative description of specific powers granted the commission, the commission did not have authority to make the change which it granted.
The court erred in both ruling.
From the discussion of counsel in their briefs, it appears that we should comment concerning North Kiowa-Bijou Management District v. Ground Water Commission, 180 Colo. 313, 505 P.2d 377 (1973) and Larrick v. NOrth Kiowa-Bijou Management District, 181 Colo. 395, 510 P.2d 323 (1973). The first mentioned of these two opinions is here called case No. 1, and second case No. 2.
In each case the North Kiowa-Bijou Management District was in existence and was involved. The board of the district, which was created in 1966, had adopted a regulation, the effect of which was that any owner of a ground water right could use the water involved outside the boundaries of the district only with permission of the district. In case No. 1, the user requested permission from the district to export water outside the district boundaries. The district denied this permission, and the user appealed to the commission, which started to review the matter. The district court on certiorari ruled that the commission did not have jurisdiction to review the district’s action. We affirmed the district court, stating that it, and not the commission, had jurisdiction to review the district’s order.
*195 In 1969 the commission adopted its policy guideline No. 10, which stated in part:
“For the purposes of administration, if the applicant desires to irrigate land other than that specified in the permit, he should apply to the commission for approval of the same.”
In case No. 2 the users sought district approval to change the place of use of the water to other land approximately 8,000 feet away. The district notified them that the water could not be transferred without approval pursuant to guideline No. 10. The users did not go to the commission or otherwise attempt to comply with guideline No. 10. The State Engineer and the commission brought an action to enjoin the users from transferring the place of use of the water. The district court granted the injunction. We affirmed, stating that jurisdiction to approve the proposed transfer was in the Commission. We cited case No. 1 as authority for the proposition that “specific decisions made by a district in the execution or enforcement of district control measures may be reviewed by the appropriate district court.” We further stated:
“We wish to point out that we are not here considering the Commission as a reviewer of the District’s decision not to allow change of place of use. Rather, under guideline No. 10 the matter should have been submitted to the Commission initially. [Case No. 1 ] spoke to review by the Commission of individual actions taken by the District. Specifically we do not here overrule or modify that opinion.”
There is not before us, and we have reached no conclusion as to whether or not there may be, a conflict between the district rule involved in case No. 1 and in commission guideline No. 10 involved in case No. 2. We do not know whether the district rule and guideline No. 10 were in effect at the same time under the fact situation of case No. 2.
Here, we hold that, in the absence of a ground water management district, the commission has the authority to permit a change in type of use and a change of place of use to an area beyond the boundaries of a designated ground water basin. Neither case No. 1 nor case No. 2 is dispositive as to this point.
Subsection 37-90-130(2)(f), C.R.S. 1973 provides:
“[The district board has the authority to] prohibit, after affording an opportunity for a hearing before the board of the local district and presentation of evidence, the use of ground water outside the boundaries of the district where such use materially affects the rights acquired by permit by any owner or operator of land within the district.”
The appellees argue strongly that the power to authorize the export of water is vested solely in the district, because there is not any corresponding statutory language giving such power to the commission. Conceivably, we might agree if ground water management district were required in all designated ground water basins. However, the formation of districts is *196 optional. See section 37-90-118, C.R.S. 1973. As mentioned, no district is in existence in the basin here involved.
The appellees state in their brief: “The clear provisions of the 1965 Act give Management Districts, not the Commission, authority to authorize exports and changes in use.” Case No. 1 so indicates. As to the commission, the statute provides:
“The amount of water applied for shall only be utilized on the land designated on the application. The place of use shall not be changed without first obtaining authorization from the ground water commission.” Subsection 37-90-107(1), C.R.S. 1973.
As already mentioned, the district court ruled that this power in the commission to change the place of use related only to the granting of an original petition and not a subsequent change in a permit. Even assuming arguendo that its ruling is correct, although we disagree with it, such a view must be limited to a case in which a ground water management district is in existence. It is inconceivable to us that it was the intent of the General Assembly to leave a well owner without redress in a situation in which a change in type of place of use is necessitated and no ground water management district is in existence. Rather, we believe and hold that, in granting a commission the authority to “control the exercise and administration of all rights acquired to the use of designated ground water,” the General Assembly empowered it to grant the appellant’s application in the absence of an existing ground water management district.
As a footnote, we wish to state that case No. 1 involved only the jurisdiction of the district court — and not the commission — to review an order of a district relating to a specific individual action. We have not yet determined what the result might be in the instant case if a district had been in existence.
Judgment reversed and cause remanded with directions to vacate the order granting summary judgment.