Joe ZAGAR, Complainant-Appellant,

v.

COLORADO DEPARTMENT OF REVENUE, and the Colorado State Personnel Board, Respondents-Appellees.

No. 84CA1293.

Colorado Court of Appeals, Div. I.

March 27, 1986.

Miles & McManus, Richard G. McManus, Jr., Denver, for complainant-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert L. Patterson, Larry A. Williams, Asst. Attys. Gen., Denver, for respondents-appellees.

BERMAN, Judge.

Plaintiff, Joseph Zagar, appeals the decision by the Colorado State Personnel Board, holding that the action of the Department of Revenue (Department) in dismissing Zagar from state service pursuant to Department of Personnel Regulation No. 9–1–5, 4 Code Colo.Reg. 9–1–5 (Personnel Regulation 9–1–5) was correct as a matter of law. Plaintiff raises the following arguments on appeal: (1) The facts do not support the Department's reliance on Personnel Regulation 9–1–5 as a basis for plaintiff's dismissal; and (2) plaintiff has been denied due process of law. We disagree with both contentions and therefore affirm.

Zagar was employed as a senior revenue agent in the Grand Junction, Colorado, office of the Department of Revenue from 1974 until 1982. In the latter part of 1982, Zagar received a written admonition in the form of a "corrective action" from his supervisor regarding activities outside the scope of his employment duties. He filed a grievance challenging this finding pursuant to the applicable personnel rules.

A conference on the grievance was held, and it was determined that the written admonition Zagar received from the supervisor was not intended to be a "corrective action." However, disciplinary action was taken by Zagar's supervisor, and he received a thirty-day suspension, which was eventually disapproved by a decision of a separate hearing officer's decision from the one in question.

During the pendency of this grievance process, Zagar was ordered transferred to Denver for a temporary period of approximately six months. He declined the transfer in writing because of the emotional and economic hardships he would suffer. Thereafter, Zagar did not appear at work for five consecutive days.

According to applicable personnel regulations, the Department scheduled a meeting with Zagar, but Zagar did not attend. Immediately following his absence from the meeting, Zagar was advised that he was terminated from employment pursuant to Personnel Regulation 9–1–5 for having absented himself from work for five or more consecutive days without approved leave.

At the hearing on the dismissal, the hearing officer granted the Department's motion *in limine* to limit the issues and exclude certain evidence and, thereafter, ruled in the Department's favor. The Colorado State Personnel Board upheld the decision. This appeal ensued.

I.

The first issue is whether the facts support the Department's use of Personnel Regulation 9–1–5 as a legitimate basis for Zagar's dismissal. That regulation provides:

"An employee who is absent without approved leave for a period of five or more consecutive working days may, at the discretion of the appointing authority, be deemed to have resigned with prejudice."

■ Initially, we recognize that interpretations of state statutes and regulations by agencies charged with their enforcement should be given deference by the courts. *Colorado Ass'n of Public Employees v. Lamm*, 677 P.2d 1350 (Colo.1984); *Travelers Indemnity Co. v. Barnes*, 191 Colo. 278, 552 P.2d 300 (1976). Thus, the action by the Department should not be overturned absent a clear abuse of discretion.

Here, Zagar was unequivocal about his refusal to work. The record indicates that he formally advised the Department that he was not going to appear for his new assignment. Only after receiving notification of his refusal to work, together with his absence for five days, did the Department exercise its discretion under Personnel Regulation 9-1-5.

■ Zagar contends that his letters to the Department declining the assignment to Denver cannot be construed as a resignation. We disagree.

While sounder business practice might suggest a different approach to what clearly seemed like a personnel communication problem, there is no doubt that these letters indicate a firm decision by Zagar to decline the transfer of assignment. Accordingly, it was reasonable for the Department to have deemed Zagar to have refused his assignment and resigned. Thus, it was not inappropriate for the Department to invoke Personnel Regulation 9-1-5.

■ Zagar argues further that the Department's exercise of discretion under Personnel Regulation 9-1-5 was an incorrect substitute for what should have been a disciplinary action pursuant to Department of Personnel Regulation No. 7-2-2, 4 Code Colo.Reg. 7-2-2 (Personnel Regulation 7-2-2), and Department of Personnel Regulation 7-2-3, 4 Code Colo.Reg. 7-2-3 (Personnel Regulation 7-2-3). Again, we disagree.

Personnel Regulation 7-2-2 provides that:

"Disciplinary actions are those personnel actions administered against an employee for an offensive act or poor job performance, which actions adversely affect the current pay, current status, or tenure of the employee."

Zagar's transfer to Denver did not affect his current base pay, status, or tenure as provided by § 24-50-125(5), C.R.S. (1985 Cum.Supp.). It was a reassignment which he refused to accept, and as a result, he was severed from employment. The Department's determination that Zagar was not subject to a disciplinary action was a proper one.

■ Zagar, nevertheless, contends that his intent was not to abandon his position, and therefore, his failure to report for duty constituted willful failure to perform assigned duties which were acts subject to disciplinary action, not separation. *See* Personnel Regulation 7-2-3(c). However, the Department chose to separate Zagar under Personnel Regulation 9-1-5 based on his voluntary acts of refusal to accept his transfer assignment and absence without approved leave. In such a case, it was not unreasonable to deem his acts a resignation. *See Colorado Ass'n of Public Employees v. Lamm, supra;* Personnel Regulation 9-1-5.

## II.

We also reject Zagar's final argument that the hearing officer's granting of the motion *in limine* denied him due process because certain issues were excluded from being raised.

■ A motion *in limine* is addressed to the discretion of the hearing officer. *Good v. A.B. Chance Co.*, 39 Colo.App. 70, 565 P.2d 217 (1977).

■ Here, the hearing officer excluded certain evidence of the circumstances surrounding Zagar's transfer. The hearing officer found that Zagar had not effectively appealed the denial of his grievance of his reassignment. He held that other procedures existed for an employee to pursue a grievance of any work condition and that since Zagar had not availed himself of these procedures he could not raise the transfer issue at the evidentiary hearing.

*See* Department of Personnel Regulation No. 8–8–1, 4 Code Colo.Reg. 8–8–1. Because there is evidentiary support for these findings they are binding on us, and we perceive no denial of due process in the hearing officer's granting of the motion *in limine. See Hayes v. State,* 178 Colo. 447, 498 P.2d 1119 (1972).

The judgment is affirmed.

PIERCE and STERNBERG, JJ., concur.