Edna Irene FARMER,
Plaintiff-Appellant,

v.

J.M. FARMER, a/k/a Joseph M. Farmer, a/k/a Joe Farmer, Defendant-Appellee and Cross-Appellant,

v.

Alexander F. KANE, and Sweetwater Development Corporation, a Colorado corporation, Defendants-Appellees and Cross-Appellees.

No. 85CA0993.

Colorado Court of Appeals,
Div. III.

April 17, 1986.

Geddes, MacDougall, Geddes & Paxton, P.C., M.E. MacDougall, Colorado Springs, for plaintiff-appellant.

Jack A. Holst, P.C., Jack A. Holst, Colorado Springs, for defendant-appellee and cross-appellant.

Horn, Anderson & Johnson, Gregory L. Johnson, Colorado Springs, for defendant-appellee and cross-appellee Alexander F. Kane.

Warren, Mundt, Martin & O'Dowd, P.C., Robert B. Warren, Colorado Springs, for defendant-appellee and cross-appellee Sweetwater Development Co.

PIERCE, Judge.

In this quiet title action, plaintiff, Edna Irene Farmer (Mrs. Farmer), appeals from a judgment entered in favor of defendants, J.M. Farmer (Mr. Farmer), Alexander F. Kane (Kane), and Sweetwater Development Corporation (Sweetwater), concerning her claim to certain water rights. That judgment also quieted title in Mrs. Farmer to an undivided one-half interest in certain real property. That determination is not on appeal. In addition, Mr. Farmer cross-appeals from another portion of the judgment entered in favor of Kane and Sweetwater finding that their lease agreement was not void. We affirm.

Mr. and Mrs. Farmer's contentions of error originate from (1) their ownership (in co-tenancy) of a farm, the surface of which overlies a portion of the water rights here

in question, and (2) a lease agreement which was executed by Mr. Farmer and Kane, as lessors, and Sweetwater, as lessee. Five water wells and a sump were drilled by Mr. Farmer in 1956, 1959, and 1960. Mrs. Farmer was not listed as a claimant in those recorded statements of well drillings. Water from those wells was apparently used for irrigation of their farm.

In executing the lease agreement in 1966, the intent of the parties was to drill new wells on the Farmers' and Kanes' land, and to develop the water rights for their eventual sale for municipal use. The lease reserved to Mr. Farmer the use of up to 400 acre-feet of water per year for farming upon his land. Mrs. Farmer was not a party to the lease. At the time of this suit, Mr. Farmer owned one third of the shares of Sweetwater and Kane owned two thirds.

### I.

#### Mrs. Farmer's Appeal

Mrs. Farmer alleges ownership of certain absolute water rights based on adverse possession.

■ The ground water rights to which she claims ownership are located within a designated ground water basin in the Upper Black Squirrel Creek Groundwater Management District. *See Sweetwater Development Corp. v. Schubert Ranches, Inc.,* 188 Colo. 379, 535 P.2d 215 (1975); *Hayes v. State,* 178 Colo. 447, 498 P.2d 1119 (1972). Thus, the appropriation of water rights here is governed exclusively by the Colorado Ground Water Management Act, § 37–90–101, et seq., C.R.S. *State ex rel. Danielson v. Vickroy,* 627 P.2d 752 (Colo.1981). Accordingly, the district court had proper jurisdiction of Mrs. Farmer's claim of ownership. *See State ex rel. Danielson v. Vickroy, supra; but see* § 37–90–115(6), C.R.S. (1985 Cum.Supp. as amended therein).

■ Ownership of water rights may be deemed ownership of real property for purposes of adverse possession. *In re Application for Water Rights of V-Heart Ranch,* 690 P.2d 1271 (Colo.1984). Thus, Mrs. Farmer here had the burden to establish that her possession of the claimed ground water rights was actual, adverse, hostile, and under claim of right, as well as open, notorious, exclusive, and continuous for the statutory period. *V-Heart Ranch, supra.* Mrs. Farmer claims adverse possession under both the 18–year statute, § 38–41–101, C.R.S. (1982 Repl.Vol. 16A), and the seven-year statute, § 38–41–108, C.R.S. (1982 Repl.Vol. 16A).

The court here initially found that Mrs. Farmer failed to establish by any competent evidence that her use was adverse to the use by Sweetwater and her husband. We agree with the trial court's conclusion.

■ The evidence which was most favorable to Mrs. Farmer included her own testimony that water was used from the sump since 1949; that she and her husband worked side-by-side; that in 1966 they were irrigating 300 acres and now 800 acres; and that water has been used continuously on the farm for irrigation. She also testified that she had claimed to various persons that she had rights to the water. Taking this testimony together with all of the other evidence presented, we conclude it is not sufficient to show adverse possession as against Sweetwater or her husband. There is no evidence in the record showing a hostile, adverse, exclusive, or notorious possession of some or all of the water rights by Mrs. Farmer. She does not even make clear whether her claim is part of or somehow adverse to the 400 acre-feet of water reserved expressly for irrigation in the 1966 lease.

In 1972, Sweetwater made application to the water court for appropriation of water rights from certain wells. Appropriations decreed to Sweetwater at that time included all but two of the wells to which Mrs. Farmer now claims ownership. That 1972 decree was affirmed in *Sweetwater Development Corp. v. Schubert Ranches, Inc., supra.* In 1977, the water court ruled that Sweetwater had been diligent in the pursuit of the water rights decreed conditional in

1972. Then in 1982, diligence was found with respect to other newly drilled wells including one more of the wells to which Mrs. Farmer now lays claim.

■ Implicit in Mrs. Farmer's argument, and in her quiet title action, is a contention that she is entitled to ownership of the water rights by virtue of her co-tenancy in the surface. That contention has no merit. One's right to water is determined by priority of appropriation which is based on a beneficial use of the water; it is not based on ownership of the surface. *See State v. Southwestern Colorado Water Conservation District,* 671 P.2d 1294 (Colo.1983); *Knapp v. Colorado River Water Conservation District,* 131 Colo. 42, 279 P.2d 420 (1955). Specifically, ground water within the boundaries of a designated ground water basin, as here, is subject to appropriation and priority of appropriation pursuant to § 37–90–101, et seq., C.R.S.; *Danielson v. Kerbs Ag., Inc.,* 646 P.2d 363 (Colo.1982). Such ground water is not allocated on the basis of ownership of the overlying land. *Cf.* § 37–90–102(2), C.R.S. (1985 Cum. Supp.).

Mrs. Farmer's remaining contentions relate to asserted errors which, at most, are harmless.

## II.

### Mr. Farmer's Cross-Claim

Mr. Farmer cross-claimed against Kane and Sweetwater seeking to have the lease declared void for lack of consideration. He also sought to quiet title to one-half of certain water rights. The trial court found that Mr. Farmer had received substantial benefit from the lease, and thus, there was sufficient consideration. We agree.

■ Mr. Farmer's contention of a lack of consideration presents a question of fact. *See Grant v. Oten,* 626 P.2d 764 (Colo.App.1981). Consideration is measured as of the time of making the contract. *Western Federal Savings & Loan Assn. v. National Homes Corp.,* 167 Colo. 93, 445 P.2d 892 (1968). A benefit to the promisor or a detriment to the promisee, however slight, can constitute consideration. *Lampley v. Celebrity Homes, Inc.,* 42 Colo.App. 359, 594 P.2d 605 (1979).

■ The lease instrument itself provides for "consideration of the sum of $10.00 ... and of the covenants and agreements hereinafter contained to be performed by the lessee [Sweetwater] ...." Under this lease, Sweetwater was to drill wells for water on the lands of Farmer and Kane. The record shows that Mr. Farmer and Kane intended to benefit from the development of their water rights by eventually selling them for municipal use, thus bringing in substantial revenues. The record further shows that the primary vehicle for these intended benefits was their formation of Sweetwater. Hence, the instrument itself, as well as the purpose and intent behind the formation of Sweetwater and the intent for the lease, amply support the trial court's conclusion that sufficient valid consideration had been given.

As concerns Mr. Farmer's request for quiet title to certain water rights, like Mrs. Farmer, he fails to meet his burden of establishing adverse possession against Sweetwater.

The judgment is affirmed.

VAN CISE and KELLY, JJ., concur.